**SCHOBY, Plaintiff-Appellant, v. PETERSON et,
Defendants-Appellees.**

Ohio Appeals, Second District, Madison County.

No. 175.   Decided March 2, 1951.

George T. Tarbutton, Otis C. Buchanan, Columbus, for appellant.

Frank J. Murray, London, Byron E. Ford, Columbus, for appellee, Andrew J. Peterson.

H. H. Crabbe, London, for appellee, Edward F. Dorgan.

**OPINION**

By THE COURT:

We have examined the record in this case, the bill of exceptions and briefs of counsel and are of the opinion that the trial court did not err in sustaining the motions of both of the defendants for a directed verdict.   The plaintiff-appellant was clearly guilty of contributory negligence as against the defendant Dorgan as found by the trial court. See **Kormos v. Cleveland Retail Credit Men's Company, 131 Oh St 471; Smiley v. The Arrow Spring Bed Co., 138 Oh St 81; Buddenberg v. Kavanaugh, 17 Oh Ap 252; Becker v. Dayton Power & Light Company, 56 Oh Ap 140.**   The only claim of negligence on the part of the defendant Peterson was based upon the fact that he was operating his car to the left of the center of the road.   At page 97 of the record the plaintiff testified that at the time of the accident Peterson was not to the left of the center; hence this allegation must fail.   We are in accord with the law set forth in the appellant's brief on concurrent negligence, but the same has no

application here for the reason that no negligence is shown on the part of the defendant Peterson.

The Court made no finding as to the defendant Dorgan on this point but our examination of the record discloses that there was no evidence tending to establish the agency of the driver of the truck. Therefore, there was no evidence of negligence on the part of the defendant Dorgan.

The Court did not err in refusing to allow the plaintiff to amend his petition to conform to the alleged evidence by charging liability on the part of the defendant Peterson upon the ground of entrusting his car to an incompetent driver. There is nothing in the record to establish such a charge against the driver, and moreover the truck was not being operated and had not been for several hours. There is no evidence of wilful and wanton misconduct on the part of either of these defendants. Therefore, the law cited on this question has no application.

Finding no error in the record the judgment will be affirmed.

HORNBECK, PJ, WISEMAN, MILLER, JJ, concur.